IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| CHRISTIAN ACUFF, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-05-200-E-MHW |
| | ) | |
| v. | ) | **INITIAL REVIEW ORDER** |
| | ) | |
| JERRY JOHNSON, Warden SAWC, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Christian Acuff filed a Petition for Writ of Habeas Corpus on May 13, 2005. The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 or Rule 4 of the Rules Governing § 2254 Cases.

## I.

## BACKGROUND

Plaintiff was convicted on May 18, 1995. He was released on parole, but his parole was later revoked and he was re-incarcerated. On December 6, 2000, the Parole Commission refused to credit the time on parole toward his sentence. Petitioner asserts

INITIAL REVIEW ORDER 1

that he appealed this issue through the Idaho Supreme Court. That Court rejected his claims on April 26, 2005. Petitioner filed this federal habeas corpus action on May 13, 2005.

## II.

## REVIEW OF PETITION

### A. Standard of Law

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Rule 4 of the Rules Governing Section 2254 Cases. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id*.

### B. Discussion

It is unclear whether the Petition has been timely filed. The Court will order the Clerk to serve a copy of the Petition on counsel for Respondent, who may respond either by answer or pre-answer motion and who shall provide relevant portions of the state court record to this Court.

For any of Petitioner's claims that meet the procedural requirements for a federal habeas corpus action and proceed on the merits, Petitioner shall bear the burden of

INITIAL REVIEW ORDER  2

proving that the state court judgment either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or that it "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The Idaho Court of Appeals has held that a credit against one's sentence for time spent on parole is statutorily precluded by Idaho Code § 20-228 upon parole revocation. *Winter v. State*, 785 P.2d 667 (Idaho Ct. App. 1989). The Idaho Court of Appeals has also held that this section is constitutional and does not violate the separation of powers doctrine. *Flores v. State*, 706 P.2d 71 (Idaho Ct. App. 1985). In reviewing a state statute in a habeas action, a federal court is bound by the state court's construction of the statute, and can review the statute only to ensure that it is constitutional. *Missouri v. Hunter*, 459 U.S. 359, 367 (1983).

The Ninth Circuit has held that the constitutional prohibition against double jeopardy is not implicated by parole revocation proceedings. *Standlee v. Rhay*, 557 F.2d 1303, 1307 (9th Cir. 1977) (relying on United States Supreme Court cases).[1]

---

[1]The *Standlee* Court reasoned:
It is well established that parole revocation is not part of a criminal prosecution. *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). Revocation of parole is remedial rather than punitive, since it seeks to protect the welfare of parolees and the safety of society. *Gagnon v. Scarpelli*, 411 U.S. 778, 783-84 (1973); *Morrissey v. Brewer, supra*, 408 U.S. at 477. The termination of parole results in a deprivation of liberty and thus is a grievous loss to the parolee. But the harshness of parole revocation does not alter its remedial nature. *See United States v. National Association of Real Estate Boards*, 339 U.S. 485, 493 n.6 (1950); *Gregory v.*

INITIAL REVIEW ORDER  3

### III.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Clerk of Court shall serve a copy of the Petition (Docket No. 1), together with a copy of this Order, on the Attorney General for the State of Idaho on behalf of Respondent, as follows:

> L. LaMont Anderson
> Office of the Idaho Attorney General
> P.O. Box 83720
> Boise, ID 83720-0010.

IT IS FURTHER HEREBY ORDERED that Respondent shall file an answer or other appropriate pre-answer motion conforming in all respects to the Rules Governing Section 2254 Cases in the United States District Courts within 60 days after entry of this Order. Respondent shall file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all portions of the state trial record that have been transcribed previously which are relevant to a determination of the issues presented.

IT IS FURTHER HEREBY ORDERED that any state court pre-sentence evaluation reports shall be filed under seal of this Court without an accompanying motion.

IT IS FURTHER HEREBY ORDERED that Respondent and Petitioner shall file any motions for summary judgment within 90 days after entry of this Order. Responses

---

*Wyse*, 512 F.2d 378, 382 (10th Cir. 1975).
557 F.2d at 1306.

INITIAL REVIEW ORDER  4

to such motions shall be due within 30 days after service of motions; reply briefs shall be due within 14 days after service of responses.  These deadlines supersede those specified in the "Notice to Pro Se Litigants of the Summary Judgment Rule Requirements."  No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

IT IS FURTHER HEREBY ORDERED that no discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

IT IS FURTHER HEREBY ORDERED that the parties need not file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions which are meritless; or (3) notices of intent not to file a reply.  If additional briefing is required on any motion, the Court will order it.

IT IS FURTHER HEREBY ORDERED that each party shall ensure that all documents filed with the Court are simultaneously served by first-class mail upon the opposing party (through counsel if the party has counsel) or via the Electronic Case Filing system.  Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made. The Court will not consider *ex parte* requests unless a motion may be heard *ex parte* according to the rules and the motion is clearly identified as requesting an *ex parte* order, pursuant to Local Rule 7.2.

INITIAL REVIEW ORDER  5

("*Ex parte*" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

IT IS FURTHER HEREBY ORDERED that all Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.1 and 7.1.  The Court will not consider requests made in the form of letters.

IT IS FURTHER HEREBY ORDERED that Petitioner shall at all times keep the Court and Respondent advised of any changes in address.



DATED:  **May 23, 2005**

Honorable Mikel H. Williams
United States Magistrate Judge

INITIAL REVIEW ORDER  6