IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| CHRISTIAN ACUFF, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-05-200-E-MHW |
| | ) | |
| v. | ) | **MEMORANDUM ORDER** |
| | ) | |
| JERRY JOHNSON, Warden SAWC, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Pending before the Court in this federal habeas corpus action are Petitioner's Motion for Trial (Docket No. 6), Respondent's Motion for Summary Dismissal (Docket No. 12), and Petitioner's Motion for Summary Judgment (Docket No. 16). All parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. Having reviewed the record in this case, including the state court record, and having considered the written arguments of the parties, the Court determines that oral argument on this case is unnecessary. Accordingly, being fully informed, the Court enters the following Order.

MEMORANDUM ORDER 1

I.

BACKGROUND

Petitioner was convicted on May 18, 1995. He was released on parole, but his parole was revoked by the Idaho Commission of Pardons and Parole ("Commission") on December 6, 2000, as a result of a second felony committed while on parole. The Commission determined that 1120 days of Petitioner's time spent on parole ("street time") would be forfeited as a result of parole revocation.

Petitioner filed a Self-Initiated Progress Report ("SIPR") on July 1, 2001, to "appeal" or request reconsideration of the decision. The Parole Commission denied the SIPR on July 27, 2001. *See Petitioner's Motion for Summary Judgment*, Exhibit #1 (Docket No. 16).

Petitioner next filed a petition for writ of habeas corpus in state court on June 13, 2002. The trial court denied the petition. *See State Court Record*, Exhibits A-1 through A-3 (Docket No. 13). Petitioner filed an appeal, and the Idaho Court of Appeals affirmed the trial court's denial of relief. Petitioner's petition for review was denied by the Idaho Supreme Court on April 26, 2005, and the remittitur was issued the same day. *See State Court Record*, Exhibits B-1 through B-8.

II.

MEMORANDUM ORDER  2

## REVIEW OF MOTION TO DISMISS

### A. Standard of Law Governing Motions to Dismiss

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In such case, the Court construes the facts in a light most favorable to the petitioner.  When a court is considering a motion to dismiss, it may take judicial notice of facts outside the pleadings and may look beyond the complaint to matters of public record.  *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1281 (9th Cir. 1986).[1]  Accordingly, the Court shall take judicial notice of those portions of the state court record lodged by the parties.

### B. Law Governing Statute of Limitations

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year statute of limitations for federal habeas corpus actions.  *See* 28 U.S.C. § 2244(d)(1).  Because Petitioner's federal habeas corpus petition was filed after AEDPA's enactment date, it is subject to the one-year statute of limitations.  The statute provides several alternative dates for the beginning of the statute of limitations period, depending upon the type of decision or judgment is at issue.  The statute of limitations on a parole claim runs from "the date on which the factual predicate of the . . .

---

[1] *abrogated on other grounds by Astoria Federal Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104, 111 S.Ct. 2166 (1991).

claims presented could have been discovered through the exercise of due diligence" under § 2244(d)(1)(D), rather than from "the date on which the judgment became final" under § 2244(d)(1)(A), because an administrative decision is not a judgment. *Redd v. McGrath* 343 F.3d 1077 (9th Cir. 2003).

The Ninth Circuit Court of Appeals has addressed the circumstance in which the federal habeas corpus statute of limitations expires before a state post-conviction collateral relief statute. In *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003), the court held that "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."

### C.     Discussion of Statute of Limitations Issue

Because Petitioner is challenging a parole revocation decision rendered by an administrative body, his statue of limitations began to run on "the date on which the factual predicate of the claim or claims to be presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *Redd*, 343 F.3d at 1082. In the parole denial context, the beginning date of the federal statute of limitations is the date the petitioner's administrative appeal is denied. *Redd*, 343 F.3d at 1082. (California parole scheme); *see also Shelby v. Bartlett*, 391 F.3d 1061, 1066 (9th Cir. 2004) (Oregon parole scheme).

The difficulty with Petitioner's case is that it is quite unclear whether there is an administrative appeal available when the Idaho Commission of Pardons and Paroles

revokes a parolee's parole.  For example, in the decision revoking Petitioner's parole, the Commission states:

> The Commission elects to revoke parole based upon the above findings.  Parole is denied and the subject is passed to his full term release date.  He will receive credit for the time on parole from 6/15/00 to 8/4/00 and will forfeit the time from 5/21/97 through 6/14/00; *this decision cannot be appealed*.

*State Court Record, Parole Revocation Hearing Decision,* at p. 26 (Docket No. 14) (emphasis added).

It is unclear whether the decision means that there is no administrative appeal, no judicial appeal, or both.  Idaho law provides that there is no direct *judicial* appeal from parole decisions.[2]  *See Carman v. Idaho Comm'n of Pardons and Parol*, 809 P.2d 503 (Idaho 1991) (Commission is not an "agency" within the Administrative Procedures Act, and thus inmates cannot appeal decisions of the Commission).  However, whether there is an administrative appeal process is unclear.  Idaho Administrative Code (IDAPA) § 50.01.01.400.09.iv (entitled "Parole Revocation Process") provides only that "the offender is entitled to a verbal or written decision within twenty (20) days of the hearing" on parole revocation; the chapter does not address whether there is an administrative appeal after a decision to revoke parole is issued.

---

[2]Revocation of parole can be judicially challenged via state habeas corpus proceedings. *See* Idaho Code § 19-4209(5)(b).

MEMORANDUM ORDER  5

IDAPA 50.01.01.500 (entitled "Self-Initiated Progress Report") provides: "An inmate may appeal the last parole decision of the commission." It next states, "An inmate making a request for reconsideration of parole *denial* must initiate the process by submitting an application." IDAPA 50.01.01.500.01. The administrative rules of the Commission do not mention an administrative appeal process for parole *revocation*. The SIPR form does not specify whether it is for parole denial, parole revocation, or both. *See Petitioner's Motion for Summary Judgment*, at p. 7 (Docket No. 16-2). In Petitioner's case, the Commission accepted the SIPR and issued a denial. *Id.*, at p. 6. To further muddy the waters on whether the SIPR is an administrative appeal, the Commission's "Notice of Action Taken" states: "If your Self-Initiated Progress Report (SIPR) petitioner was denied, you may submit appeals annually. . . . Your appeal must state the reason reconsideration is requested and the circumstances that have changed."

Petitioner's state habeas corpus petition did not challenge the SIPR denial. It challenged only the December 6, 2000 hearing decision. There is no mention of the SIPR or its denial in the state habeas corpus action.

If the SIPR process is, in fact, an administrative appeal, the federal habeas corpus statute of limitations did not run until the SIPR was denied, which was July 27, 2001. Petitioner's federal statute ran between July 27, 2001, and June 13, 2002, when he filed his state habeas corpus action. During that time period, 322 days of the federal statute elapsed, leaving 43 days remaining. On June 13, 2002, his statute was again tolled, until April 26, 2005, when the Idaho Supreme Court denied review and issued its remittitur.

MEMORANDUM ORDER  6

Petitioner filed his federal Petition on May 1, 2005, using the mailbox rule.  Petitioner's statute ran again from April 26, 2005 through May 1, 2005, which would make the federal Petition timely, Petitioner having used only 5 of his remaining 45 days.

However, it is far from clear whether the SIPR is an administrative appeal of parole revocation decisions in Idaho, or whether Petitioner relied on the SIPR as an administrative appeal.  Petitioner did not appeal from denial of the SIPR or even mention it as part of the parole revocation in his state habeas corpus petition. It seems somewhat unlikely that it is a true "administrative appeal," given that the SIPR process can be invoked over and over again every year and that a petitioner is required to list the "circumstances that have changed."  If the SIPR is not an administrative appeal, then the statute of limitations runs from the date parole was revoked, December 6, 2000, and Petitioner's Petition was untimely.

Given the unsettled nature of Idaho law governing parole revocation, the Court declines to determine the statute of limitations issue.  Rather, it has determined that the claims in Petitioner's Petition are subject to denial on the merits because it "plainly appears from the face of the petition and [the] exhibits annexed to it that the petitioner is not entitled to relief in the district court."  See Rule 4 of the Rules Governing § 2254 Cases.

**D.    Habeas Corpus Standard of Law for Granting Relief on the Merits**

The Idaho Court of Appeals denied Petitioner's claims on the merits. *See State Court Record*, Exhibit B-4 (unpublished opinion of February 18, 2005).  Because this was

MEMORANDUM ORDER  7

the last reasoned opinion of the Idaho courts, the Court reviews it under the statutory standards for the granting of habeas corpus relief.

In order to obtain federal habeas corpus relief from a state court judgment under AEDPA, the petitioner must show that the state court's adjudication of the merits of his federal claim either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In explaining how to apply § 2254(d)(1) in *Williams v. Taylor*, 529 U.S. 362 (2000), the United States Supreme Court explained that relief under the "contrary to" standard could be afforded in two ways: (1) "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law," or (2) "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." *Id.* at 405.

Similarly, a state court decision can be "an unreasonable application" of federal law in two ways: (1) where a "state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or (2) where the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably extends a legal

MEMORANDUM ORDER  8

principle from our precedent to a new context where it should apply." *Id*. at 407.  A petitioner cannot prevail under the unreasonable application clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 411.  Rather, the state court decision must be "objectively unreasonable."  *Id*. at 409.

E.   **Discussion of Petitioner's First Claim**

Petitioner's first claim is that the effect of the 1120 days' street time forfeiture is that his sentence is now an "illegal sentence" in violation of the Fifth and Fourteenth Amendments.  In other words, Petitioner's claim is that the forfeiture has resulted in a ten-year sentence, three years longer than the maximum allowable seven-year sentence for the crime.

The Court's initial task in reviewing a § 2254 petition is to identify controlling United States Supreme Court precedent.  The Court is unaware of any United States Supreme Court precedent on parole forfeiture.  Cases applicable by analogy do not support Petitioner's position.  For example, the Supreme Court rejected a similar challenge in the context of reinstating an original sentence without credit for probation time upon revocation of probation in *Roberts v. U.S.*, 320 U.S. 264, 272-73 (1943).  There, the Supreme Court held that it was constitutional for federal courts to suspend imposition of a sentence pending probation and later impose the original sentence upon revocation of probation under a federal statutory scheme.

MEMORANDUM ORDER  9

The Ninth Circuit has similarly held. *See U.S. v. McDonald*, 611 F.2d 1291, 1295 (9th Cir. 1980) (the court found it constitutional for a court to suspend imposition of a sentence, and then to impose any sentence originally possible following revocation of probation under a federal statute); *Peltier v. Wright*, 15 F.3d 860, 862 (9th Cir. 1994) (the court upheld as constitutional a forfeiture of five years' probation time when an Idaho state court imposed an originally withheld sentence of twenty years after a probation revocation). Accordingly, because there is no United States Supreme Court precedent supporting Petitioner's argument that forfeiture "extended" his sentence, this Court cannot grant habeas relief on Claim One.

### F.    Claim Two:  Double Jeopardy Violation

Petitioner next asserts that forfeiture of his street time violates the Double Jeopardy Clause of the Fifth Amendment. Again, there is no United States Supreme Court precedent supporting Petitioner's claim, and, therefore, the Court cannot grant § 2254 relief. Lower courts addressing similar claims that parole forfeiture is a Fifth Amendment double jeopardy violation have rejected that argument. *See, e.g., Van Buskirk v. Wilkinson*, 216 F.2d 735, 738 (9th Cir. 1954); *Kell v. U.S. Parole Comm.*, 26 F.3d 1016, 1020 (10th Cir. 1994); *Cooks v. U.S. Bd. of Parole*, 447 F.2d 63, 65 (5th Cir. 1971).

### G.    Claim Three: Ex Post Facto Violation

Petitioner also asserts that the forfeiture of his time spent on parole amounts to an ex post facto violation, contrary to the Fifth Amendment. He asserts that the Parole

MEMORANDUM ORDER  10

Commission increased the punishment of the crime by 1120 days.  No United States Supreme Court precedent supports this claim.  Other courts confronting similar ex post factor claims have rejected them.  *See Wade v. Figueroa*, 2005 WL 607974 (D.D.C. 2005);  *Dees v. Cockrell*, 2002 WL 122485 (D. Tex. 2002); *McRae v. D.C. Parole Bd.*, 2002 WL 32388337 (D. Va. 2002).

The ex post facto provision of the Fifth Amendment "forbids the Congress and the States to enact any law which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *Weaver v. Graham*, 450 U.S. 24, 28 (1981) (internal citation and punctuation omitted). This prohibition applies to administrative regulations promulgated pursuant to statutory authority.  *See Garner v. Jones*, 529 U.S. 244, 250 (2000). To be an ex post facto violation, the law or action  "must be retrospective, and it must disadvantage the offender affected by it." *Id*. at 29.

The Court clarifies that, in Petitioner's case, the parole statute was changed after Petitioner's conviction to allow the Commission to have *discretionary* authority to credit a parolee's time to his sentence.  The new law was an advantage over the prior law, which required *mandatory* forfeiture.  To the extent that Petitioner argues that the application of the law is an ex post facto violation, nothing in the law supports Petitioner's reasoning that his sentence was extended.  Time on parole simply is not time in prison, and nothing in the Constitution requires that the two different time periods be treated the same.  Because no additional punishment was meted out to Petitioner, his ex post facto argument

MEMORANDUM ORDER  11

fails. Because Petitioner's street time forfeiture is not contrary to any United States Supreme Court precedent, federal habeas corpus relief is unavailable on Claim Three.

### H. Claim Four: Cruel and Unusual Punishment

Petitioner next asserts that forfeiture of his street time constitutes cruel and unusual punishment under the Eighth Amendment. The lower courts that have addressed the issue of parole forfeiture have all concluded that there is no Eighth Amendment violation because the sentence is not "increased or extended," but "merely . . . interrupted and deferred by the fact of [a] conditional release." *Woods v. Steiner*, 207 F. Supp. 945, 952 (D. Ma. 1962); *see also Weathers v. Willingham*, 356 F.2d 421 (10th Cir. 1966). There is no United States Supreme Court precedent supporting Petitioner's assertion. Accordingly, Claim Four fails to warrant habeas relief.

### I. Conclusion

Based upon the foregoing, the Court concludes that Petitioner has failed to show that the state court decision in his case is contrary to, or an unreasonable application of, clearly-established federal law as determined by the United States Supreme Court. As a result, regardless of the statute of limitations issue, Petitioner's Petition is subject to denial and will be dismissed with prejudice.

As a result of the Court's decision that Petitioner's Petition is subject to denial, Petitioner's Motion for Summary Judgment (Docket No. 16) and Motion for Trial (Docket No. 6) are denied.

## III.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Motion for Trial (Docket No. 6) is DENIED.

IT IS FURTHER HEREBY ORDERED that Respondent's Motion for Summary Dismissal (Docket No. 12) is GRANTED on the alternative basis that Petitioner's claims are subject to denial on the merits.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion for Summary Judgment (Docket No. 16) is DENIED.

IT IS FURTHER HEREBY ORDERED that Petitioner's Petition is DENIED and DISMISSED with prejudice.

DATED: **November 16, 2005**

Honorable Mikel H. Williams
United States Magistrate Judge